# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE DISTRICT COURT FOR WARSZAWA-SRODMIESCIE IN WARSAW, POLAND, *ANNA MIREK v. CARDINAL HEALTH POLAND SP. Z O.O.*, FOREIGN REF. NO. VIII P 517/19 OZ 301/21,  Applicant. | Case No.: 1:22-mc-1 Barrett, J. Litkovitz, M.J.  **ORDER** |

This matter is before the Court on the *ex parte* application of the United States of America for an order pursuant to 28 U.S.C. § 1782(a) appointing William B. King II, Assistant United States Attorney for the Southern District of Ohio, Counsel for the United States of America, Commissioner for the purpose of obtaining a written affidavit from Devray Kirkland. This application follows a Letter of Request issued by the District Court for Warszawa-Srodmiescie in Warsaw, Poland (Polish Court), for evidence in connection with its wrongful termination case captioned *Anna Mirek v. Cardinal Health sp. z o.o.*, Foreign Reference Number: VIII P 517/19 Oz 301/21.

## I. Legal Standard

Under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Evidence Convention), *signed by the United States* on July 27, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 (*entered into force by Poland* on April 13, 1996[1]), a judicial authority of a Contracting State may seek to obtain evidence from another Contracting State for use in civil or commercial matters through a Letter of Request. *Id.* at art. 1. Further:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are

---

[1] *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited March 23, 2022).

>provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

*Id.* at art. 10. The Letter of Request is to be executed "expeditiously" and by the "methods and procedures" of the judicial authority executing the Letter of Request. *Id.* at art. 9.

Under the Supremacy Clause of the United States Constitution, treaties are the law of the land, on an equal footing with acts of Congress, and binding on the courts. U.S. CONST. art. VI, cl. 2; *United States v. Emuegbunam*, 268 F.3d 377, 389 (6th Cir. 2001). Congress passed 28 U.S.C. § 1782 as a mechanism to provide the type of federal-court assistance to foreign tribunals contemplated by the Hague Evidence Convention. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute provides in relevant part: "The district court of the district in which a person resides or is found may order him . . . to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . ." 28 U.S.C. § 1782(a). The threshold requirements for an order under this statute are that:

>(1) the request . . . be made "by a foreign or international tribunal," or by "any interested person"; (2) the request . . . seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence . . . be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought . . . reside or be found in the district of the district court ruling on the application for assistance.

*financialright GmbH v. Robert Bosch LLC*, 294 F. Supp. 3d 721, 728 (E.D. Mich. 2018) (quoting *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007)) (remaining citation omitted). "[A]n *ex parte* application is an acceptable method for seeking discovery pursuant to 28 U.S.C. § 1782." *In re Application of Ontario Principals' Council*, No. 14-mc-50, 2014 WL 3845082, at *2 (D. Ariz. Aug. 1, 2014) (citing *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan,* 539 F.2d 1216, 1219 (9th Cir. 1976)) (holding that the availability of a motion to quash addresses due process concerns).

District courts have wide discretion to grant or deny § 1782 applications. *In re Application to Obtain Discovery for Use in Foreign Procs.*, 939 F.3d 710, 732 (6th Cir. 2019) (quoting *Intel Corp.*, 542 U.S. at 264) ("[A] district court is not required to grant a § 1782 discovery application simply because it has the authority to do so.")). In *Matter of De Leon*, the court summarized *Intel*'s non-exhaustive list of discretionary factors to consider as follows:

> (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding such that the discovery is within the foreign tribunal's jurisdictional reach and thus accessible absent [§] 1782 relief; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign court to U.S. federal court assistance; (3) whether the [§] 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

No. 1:19-mc-15, 2020 WL 1180729, at *3 (S.D. Ohio Mar. 12, 2020), *appeal dismissed sub nom. In re De Leon*, No. 20-3406, 2020 WL 3969865 (6th Cir. May 26, 2020) (citing *Intel*, 542 U.S. at 264-66) (citation to the record omitted). The district court should also consider the "twin aims" of the statute, which are "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *2 (6th Cir. Sept. 14, 2018) (quoting *Intel*, 542 U.S. at 252).

**II. Analysis**

    **A.  The Statutory Factors**

As to the first factor under 28 U.S.C. § 1782(a), the Polish Court is a foreign tribunal. (*See* King Decl., Doc. 1-2 at PAGEID 13). As to the second factor, the Polish Court seeks evidence in the form of a subpoena addressed to Devray Kirkland. (*Id.* at PAGEID 13, 22-24, and 29-40). As to the third factor, the evidence is to be used in a foreign proceeding *Anna Mirek v. Cardinal Health sp. z o.o.*, Foreign Reference Number: VIII P 517/19 Oz 301/21. (*See id.*).

3

As to the fourth factor, Devray Kirkland is an employee of Cardinal Health Inc. in Dublin, Ohio. (*See id.* at PAGEID 12-13).  The applicant has satisfied the four statutory factors.

### B.  The Discretionary *Intel* Factors

As to first *Intel* factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court."  *In re Request for Jud. Assistance from the Dist. Ct. in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) (*In re Svitavy*) (citations omitted).  *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").  Devray Kirkland is not a party to the Polish Court litigation (Doc. 1-2 at PAGEID 18) or clearly subject to its jurisdiction; this factor weighs in favor of granting the application.

As to the second *Intel* factor, there is nothing in the Letter of Request (*see id.* at PAGEID 17-24) to suggest that this Court should decline to grant the application based on the nature of the Polish Court or the character of the proceedings.  This request was initiated by the Polish Court and not by an independent party; therefore, the Polish Court is clearly receptive to the assistance of this Court.  *See In re Svitavy*, 748 F. Supp. 2d at 527 ("Clearly, the Svitavy Court is receptive to the assistance of this Court, considering that the Request for Judicial [sic] was initiated by the Svitavy Court itself. . . .").  Thus, the second *Intel* factor weighs in favor of granting the application.

As to the third *Intel* factor, again, because it is the Polish Court itself requesting judicial assistance, there is sufficient assurance that this is not an attempt to circumvent Polish discovery

4

rules or to thwart policies of either the United States or Poland. *See id.* at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). The third *Intel* factor weighs in favor of granting the application.

As to the fourth *Intel* factor, the proposed subpoena is not unduly intrusive or burdensome. The request is limited to Devray Kirland's responses to thirty-four interrogatories from the plaintiff and sixteen interrogatories from the defendant. (Doc. 1-2 at PAGEID 22-24). *Cf. In re Svitavy*, 748 F. Supp. 2d at 529 (holding that providing a DNA by buccal swab is not unduly burdensome) (citing *In re Letter of Request From Loc. Ct. of Pforzheim, Div. AV, Fed. Republic of Ger. (No. 5 C 34183)*, 130 F.R.D. 363, 366 (W.D. Mich. 1989)). The fourth *Intel* factor weighs in favor of granting the application.

### III. Conclusion

In summary, the statutory factors of 28 U.S.C. § 1782(a) are satisfied and the discretionary factors set forth in *Intel* favor authorizing judicial assistance to the Polish Court pursuant to 28 U.S.C. § 1782(a). The United States' *ex parte* application for order (Doc. 1) is therefore **GRANTED.**

**IT IS SO ORDERED.**

Date: 3/27/2022

Karen L. Litkovitz
United States Magistrate Judge